UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CECIL JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00075-JPH-DLP |
| | ) | |
| RICHARD BROWN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Cecil Jenkins is an inmate at Wabash Valley Correctional Facility ("WVCF"). Because Mr. Jenkins is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se pleadings liberally and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II. The Complaint

The complaint alleges that Mr. Jenkins was held in solitary confinement at WVCF from November 2007 until March 2019. The defendants are current or former Indiana Department of Correction ("IDOC") employees who worked either at WVCF or at the IDOC central office while Mr. Jenkins was held in solitary confinement. The complaint is based on the following allegations.

Mr. Jenkins was held in solitary confinement at WVCF for more than 11 years. His placement in solitary confinement was not meaningfully reviewed during that time. He alleges that his requests for full reviews of his placement were denied. When periodic reviews occurred, they did not involve any consideration of Mr. Jenkins' behavior, the amount of time he had been in solitary confinement, or any other information relevant to the need for continued solitary confinement. Rather, the defendants predetermined that Mr. Jenkins would remain in solitary confinement and simply completed paperwork—often using computer generated forms—to keep him there.

Each defendant was directly responsible for Mr. Jenkins' prolonged solitary confinement because he or she either denied Mr. Jenkins meaningful reviews, completed pro forma reviews without undertaking the necessary considerations, trained subordinates to perform pro forma reviews, or failed to properly train or supervise subordinates or otherwise ensure that meaningful reviews took place.

Mr. Jenkins alleges that his conditions in solitary confinement were oppressive and inhumane. For example, he was confined to his cell 23 hours per day and had only solitary recreation; his cell was unclean and infested with pests; he was forced to take cold showers and then remain locked in the cold shower area for prolonged periods; and he was forced to sleep on a

concrete slab. He suffers ongoing physical, mental, and emotional injuries as a result of his prolonged solitary confinement.

### III. Discussion of Claims and Further Proceedings

Mr. Jenkins alleges that the defendants violated his Eighth and Fourteenth Amendment rights by subjecting him to cruel and unusual punishment, depriving him of due process, and failing to protect him from imminent risks of serious harm. The **action shall proceed** with Eighth and Fourteenth Amendment claims against the defendants pursuant to 42 U.S.C. § 1983.

Mr. Jenkins has issued process to the defendants. The defendants shall continue to have **through March 29, 2021**, to answer the complaint. This Entry does not affect any defendant's obligation to answer the complaints or right to assert defenses by motion pursuant to Federal Rule of Civil Procedure 12(b).

**SO ORDERED.**

Date: 3/5/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Kyle Christie
CHRISTIE FARRELL LEE & BELL, P.C.
kyle@cflblaw.com

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL
ben.wade@atg.in.gov